UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS UNION
DEPOSIT FUND,                                              Case No. 06-11133

          Plaintiff,                                       Honorable Nancy G. Edmunds

v.

D.D.I, INC. and STEVEN DARR,

          Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEY FEES [12]**

Pending before this Court is Plaintiff Trustees of the Painters Union Deposit Fund's

motion for attorney fees, filed on August 9, 2006.  Plaintiff sued Defendant D.D.I., Inc. and

Defendant Steven Darr (collectively, "Defendants") for failure to make contributions to fringe

benefit funds under a collective bargaining agreement, as required by the Employee

Retirement Income Security Act ("ERISA").  On May 17, 2006 the court clerk filed an entry

of default against Defendants for failure to plead under Fed. R. Civ. P. 55(a), and this Court

entered a judgment in favor of Plaintiff on August 2, 2006.[1]

Plaintiff now moves for an award of attorney fees in the amount of $3,353.75 pursuant

to 29 U.S.C. § 1132(g)(2)(D) and Fed. R. Civ. P. 54, and requests that this amount be

added to the previous judgment.  The pertinent section of the United States Code states:

_____

[1]The judgment consisted of $856.80 in unpaid contributions and liquidated damages
plus $495.00 in costs.  An interest rate of 5.05% per annum applies until the judgment is
paid.

> (2) In any action under this subchapter by a fiduciary for or on behalf of a
> plan to enforce section 1145 of this title in which a judgment in favor of the
> plan is awarded, the court *shall award* the plan– . . . (D) *reasonable
> attorney's fees* and costs of the action, to be paid by the defendant

29 U.S.C. § 1132(g)(2)(D) (emphasis added)

Plaintiff cites a number of cases that confirmed the plain language of the statute requiring this Court to award Plaintiff a reasonable attorney fee in this case.  The remaining question, therefore, is what constitutes a reasonable fee under the circumstances.  Plaintiff argues that the actual attorney fees of $3,353.75 for 20.25 hours of work that its counsel billed to represent Plaintiff in this matter are reasonable. In support of its assertion, Plaintiff cites to attorney fee awards in other ERISA cases and notes that the total amount requested here is much lower than most of the cited cases.  (Pl.'s Mot. for Att'y Fees, Ex. A.)

What these statistics fail to show, however, is whether the complexity of those cases was comparable to the one at bar.  Here, Plaintiff was awarded a default judgment after Defendant failed to answer the complaint.  The entire case consisted of four filings by Plaintiff–the complaint, request for clerk's entry of default, a motion for default judgment, and the instant motion for attorney fees–plus one appearance in court on the day this Court granted Plaintiff's motion for default judgment.  Furthermore, the entire amount of unpaid contributions, liquidated damages and costs awarded to date totaled $1,351.80.  The obvious purpose of § 1132(g)(2) is to encourage potential plaintiffs to assert their statutory ERISA rights, yet a reasonable attorney fee must bear some relation to the amount recovered under the statute.

The Court is convinced that an attorney fee of nearly three times the amount recovered is not a reasonable fee, especially given the relative simplicity of the case at

2

bar.  Here, a fee of one third the amount recovered falls within a reasonable range for

an appropriate fee.

Being fully advised in the premises, having read the pleadings, and for the reasons

set forth above, the Court hereby orders an award of $450.60 in attorney fees, to be

paid by Defendants.  This amount is added to the existing judgment, for a total judgment

of $1,802.40, interest to accrue at 5.05% per annum until the judgment is paid.

Therefore, Plaintiff's motion for attorney fees is GRANTED IN PART and DENIED IN

PART.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 16, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of
record on October 16, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager